IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PHILLIP KEVIN STUMPF, *Plaintiff* | § § § | |
| v. | § § | CIVIL ACTION NO. 3:23-cv-00381 |
| DARIUS MICHAEL ALLEN, DA-BLOCK AND INTERMODAL WEST, INC. *Defendants* | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable United States Judge of Said Court:

COMES NOW Phillip Kevin Stumpf, Plaintiff, complaining of Darius Michael Allen, DA-Block and Intermodal West, Inc., Defendants, and would respectfully show:

1. Plaintiff, Phillip Kevin Stumpf discloses that he resides at 4701 Hillside Lane, Edmond, Oklahoma 73025 and can be contacted through his counsel of record.

2. Defendant Darius Michael Allen is a resident of Los Angeles County, California. Defendant Darius Michael Allen may be served with process at 8015 South Western Avenue, Apartment 5; Los Angeles, California 90047 (telephone: unknown), or wherever said defendant may be found.

3. Defendant DA-Block is a domestic for-profit corporation doing business in the State of Texas. Its principal place of business is in Los Angeles County, California. Defendant DA-Block may be served with process via its registered agent Delmy Martinez at 315 West 9th Street, Suite 308; Los Angeles, California 90015 (telephone: unknown), or wherever said defendant may be found.

4	Defendant Intermodal West, Inc., is a domestic for-profit corporation doing business in the State of Texas.  Its principal place of business is in Los Angeles County, California.  Defendant Intermodal West, Inc., may be served with process via its attorney of record, C. Robert Dorsett, Jr., Dorsett, Johnson & Cisneros, 3503 Wild Cherry Drive, Building 6, Austin, Texas 78738 (telephone: unknown), or wherever said defendant may be found.

5.	The basis for this Federal Court Jurisdiction is that the Defendants in this matter reside in California. Plaintiff, Phillip Kevin Stumpf resides in Oklahoma and the damages at issue occurred in Texas. This Court has specific jurisdiction over Defendants because Defendants liability arises out of their contacts with Texas, specifically an 18-wheeler crash that occurred in Hudspeth County, Texas

6.	Pursuant to 28 U.S. Code § 1391 (e), Defendant Allen is a resident of the State of California. Defendants DA Block and Intermodal West, Inc., do business in the State of California, and therefore, venue is proper in the Western District of Texas all or a substantial part of the events or omissions giving rise to the claim occurred in Hudspeth County, Texas in the Western District of Texas.

7.	On or about October 18, 2021, on Interstate Highway 10 in Hudspeth County, Texas, a vehicle operated by Defendant Darius Michael Allen and owned by Defendant DA-Block and/or Defendant Intermodal West, Inc. collided with a vehicle operated by Plaintiff.

8.	At all times material to the events of this lawsuit Defendant Darius Michael Allen controlled, utilized, maintained, and operated vehicles in conduct of Defendant Intermodal West and/or DA Block's business. The tractor Defendant Block was driving was marked with Defendant Intermodal West, Inc.'s USDOT identification number, 550505.

9. Defendant Darius Michael Allen was in the course and scope of his employment with Defendant Intermodal West and/or DA Block when he was involved in a collision with a vehicle being operated by Plaintiff. That collision and the injuries sustained by Plaintiff as a result of that collision provide the basis of this lawsuit.

10. Defendant Darius Michael Allen's failure to use ordinary care in the operation of Defendants' vehicle was a proximate cause of this wreck and Plaintiff's resulting injury.

11. Defendant Intermodal West and/or DA Block's failure to use ordinary care and ensure Defendant Darius Michael Allen was a safe and competent driver was also a proximate cause of this wreck and Plaintiff's resulting injury.

12. Defendant Intermodal West and/or DA Block's failure to use ordinary care in the maintenance of their vehicle under Section 396 of the Code of Federal Regulations.

13. Defendant Intermodal West and/or DA Block owned, possessed, and/or controlled the vehicle operated by Defendant Allen.

14. Said driver was operating this vehicle with the permission of said owner/possessor/controller at the time of the occurrence in question.

15. Defendant Allen was entrusted with the vehicle in question by Defendant Intermodal West, Inc. and/or DA Block despite the fact that Defendant Intermodal West and/or DA Block knew, or should have known, that Defendant Allen would be operating the vehicle while unlicensed, incompetent, and/or a reckless driver.

16. Plaintiff bases Plaintiff's causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrines of respondeat superior and res ipsa loquitur are invoked where applicable.

17. Plaintiff would show that the conduct of Defendants, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which was a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

18. Defendant Intermodal West and/or DA Block is vicariously liable for the actions of Defendant Darius Michael Allen and for Plaintiff's injuries and damages under the legal theory of respondeat superior as that term is defined and understood pursuant to Texas law.

19. Plaintiff has suffered damages in the past as well as in the future.

20. These damages, past and future, include those damages resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

21. These damages, past and future, include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

22. These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

23. Plaintiff asserts his right to demand a trial by jury in this matter.

24. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

                                                Respectfully submitted,
                                                **Daniel Stark, P.C.**

                                                BY: _____
                                                MICHAEL C. BRISTOW
                                                State Bar No. 24082731
                                                ASHLEY CARPENTER
                                                State Bar No. 24100975
                                                Post Office Box 1153
                                                Bryan, Texas 77806
                                                Telephone: (979) 846-8686
                                                Facsimile: (979) 764-8002
                                                Email: mbristow@danielstarklaw.com
                                                Email: acarpenter@danielstarklaw.com
                                                **ATTORNEYS FOR PLAINTIFF**